UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **JERRY ALLEN SATTERFIELD** | **CASE NO. 6:22-CV-06055** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **ROBINSON HELICOPTER CO., ET AL.** | **MAGISTRATE JUDGE DAVID J. AYO** |

**MEMORANDUM RULING**

Before the Court is a Motion for Summary Judgment [Doc. No. 25] filed by Defendant Starr Indemnity & Liability Company ("Starr"). No opposition has been filed. For the reasons set forth herein, Starr's Motion for Summary Judgment is **GRANTED**.

**I.    BACKGROUND**

On August 27, 2021, Plaintiff Jerry Allen Satterfield ("Satterfield") was operating a helicopter described as a Model R22 Beta, serial number 3780 F.A.A. certification number N827SH ("the helicopter"). Satterfield alleged that while he was making an approach to land, there was a loss of tail rotor function, caused by the fractioning of the tail rotor output shaft. Satterfield alleged that the fracture resulted in Satterfield having to land the helicopter in a field, which caused property damage to the helicopter and personal injuries to Satterfield.

In response to the Petition[1] and First Amended Complaint[2] Starr filed the pending Motion for Summary Judgment,[3] which argues that the Starr Policy of insurance does not provide coverage to Satterfield for medical expenses, property damages, or personal injuries.

---

[1] [Doc. No. 1-1]
[2] [Doc. No. 21]
[3] [Doc. No. 25]

## II. LAW AND ANALYSIS

### A. Standard of Review

Summary judgment shall [be] grant[ed]…if the movant shows that there is no genuine dispute as to any material fact, and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(A). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in this case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is genuine if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.*

If the moving party can meet their initial burden, the burden then shifts to the nonmoving party to establish the existence of a genuine issue of material fact for trial. *Norman v. Apache Corp.*, 19 F.3d 1017, 1023 (5th Cir. 1994). The nonmoving party must show more than some metaphysical doubt as to the material facts. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In evaluating the evidence tendered by the parties, the Court must accept the evidence of the nonmovant as credible and draw all justifiable inferences in its favor.

In deciding unopposed summary judgment motions, the Fifth Circuit has noted that a motion for summary judgment cannot be granted simply because there was no opposition. *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 n.3 (5th Cir. 1995). The movant has the burden to establish the absence of a genuine issue of material fact and, unless it has done so, the court may not grant the motion, irrespective of whether any response was filed. *Powell v. Delaney*, 2001 WL 1910556, at *5–6 (W.D. Tex. June 14, 2001). Nevertheless, if no response to the motion for summary judgment has been filed, the court may find as undisputed the statement of facts in the motion for summary judgment. *Id.* at 1, n.2; *see also Thompson v. Eason*, 258 F. Supp. 2d 508,

515 (N.D. Tex. 2003) (stating that where no opposition is filed, the nonmovant's unsworn pleadings are not competent summary judgment evidence and movant's evidence may be accepted as undisputed); *UNUM Life Ins. Co. of America v. Long*, 227 F. Supp. 2d 609 (N.D. Tex. 2002) ("Although the court may not enter a 'default' summary judgment, it may accept evidence submitted by [movant] as undisputed."); *Bookman v. Shubzda*, 945 F. Supp. 999, 1002 (N.D. Tex.) ("A summary judgment nonmovant who does not respond to the motion is relegated to his unsworn pleadings, which do not constitute summary judgment evidence."). The court has no obligation to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994).

### B. Starr Policy

Starr attached a copy of its policy of insurance to its motion.[4] First, the Starr Policy excludes bodily injury coverage for "Passengers" in the helicopter. The policy defines "Passengers" as follows:

> Passenger means any person in, on, or boarding the aircraft for the purpose of riding or flying therein or alighting therefrom after a flight or attempted flight therein, including crew member(s).[5]

The word "crew" includes the pilot in-command or co-pilot.[6] Therefore, according to the language of the policy and the allegations of the Petition for Damages,[7] Satterfield was a "Passenger" operating the helicopter at the time of the accident and thus is excluded under the Starr policy for personal injury damages.[8]

---

[4] [Doc. No. 25-3]
[5] [Id. at 17]
[6] [Id. at 16]
[7] [Doc. No. 1-1 ¶ 3]
[8] The policy additionally excludes coverage for bodily injury while the aircraft is being used for "aerial application." [Doc. No. 25-3 at 10–11]

Second, the Starr policy excludes coverage for property damage to the helicopter.[9] The policy specifically describes the helicopter as "NOT COVERED" under the property damage portion of the policy. Therefore, there is no possibility for coverage for property damage to the helicopter under the Starr policy.

Third, the Starr policy does not provide coverage for medical expenses as the declarations page of the Starr policy clearly states that medical expenses are "NOT APPLICABLE."[10]

An insurance policy is an agreement between the parties and should be interpreted using ordinary contract principles. *Smith v. Matthews*, 611 So.2d. 1377, 1379 (La. 1993). If the language in an insurance contract is clear and explicit, no further interpretation may be made in search of the parties' intent. La. Civil Code Art. 2046. This Court finds that the language in the Starr policy is clear and explicit. Therefore, by its clear terms, the Starr policy does not provide coverage to Satterfield for personal injury, property damage, or medical expenses. Thus, Starr is entitled to judgment as a matter of law.

### III. CONCLUSION

For the reasons set forth herein, the Motion for Summary Judgment [Doc. No. 25] filed by Starr is **GRANTED**. All claims filed herein by Satterfield against Starr are **DISMISSED WITH PREJUDICE**.

A judgment consistent with the terms of this ruling shall issue herewith.

MONROE, LOUISIANA, this 27th day of June, 2023.

_____
Terry A. Doughty
United States District Judge

---

[9] [Doc. No. 25-3 at 3]
[10] [Id. at 2]