UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

JERRY ALLEN SATTERFIELD          CIVIL ACTION NO. 6:22-CV-06055

VERSUS          CHIEF JUDGE TERRY A. DOUGHTY

ROBINSON HELICOPTER CO INC ET AL          MAGISTRATE JUDGE DAVID J. AYO

### REPORT AND RECOMMENDATION

Before the Court, on referral from the Chief Judge, is a MOTION TO REMAND (Rec. Doc. 40) filed by Defendant 1 Acadiana Helicopters, LLC ("1 Acadiana"). The motion is opposed by Defendant Robinson Helicopter Co., Inc. ("Robinson"). (Rec. Doc. 42). 1 Acadiana filed a Reply (Rec. Doc 43). Plaintiff Jerry Allen Satterfield did not file any motion or briefing in connection with the instant motion. Considering the evidence, the law, and the parties' arguments, and for the reasons explained below, the Court recommends that 1 Acadiana's Motion to Remand be DENIED.

### Factual and Procedural Background

On August 26, 2022, Satterfield filed suit in the 16th Judicial Court, St. Martin Parish, Louisiana, against Robinson, 1 Acadiana as owner of the helicopter, and Starr Indemnity & Liability Co.[1] as insurer of the helicopter. Robinson removed this case to this Court on November 22, 2022, alleging that this Court has subject matter jurisdiction under 28 U.S.C. § 1332 because the parties are diverse in citizenship and

---

[1] On June 27, 2023, this Court granted Starr's unopposed Motion for Summary Judgment (Rec. Doc. 25) and dismissed Starr based on language in the policy at issue. (Rec. Docs. 29, 30).

the amount in controversy exceeds the statutory minimum. (Rec. Doc. 1). Robinson based its diversity allegation on the ground that 1 Acadiana, whose citizenship is not diverse from Satterfield's, was improperly joined as a defendant.

Satterfield alleged in his petition that on August 27, 2021, he was operating a Robinson Model R22 Beta helicopter for the purpose of crop dusting. Satterfield claims that, as he was approaching land, the helicopter's tail rotor malfunctioned, forcing him to land the helicopter in a field. The resulting crash allegedly resulted in the destruction of the helicopter and personal injuries to Satterfield. (Rec. Doc. 1-1 at ¶¶ 3-6). Regarding 1 Acadiana (which Satterfield identified as "AHC"), Satterfield alleged that 1 Acadiana had "*garde* of, had custody of and controlled the helicopter" and, "because the fracture of the tail rotor output shaft occurred while the helicopter and its component parts were under the control of AHC, AHC is liable under the theory of strict liability as contained in La. C.C. Art. 2317 and the jurisprudence of the State of Louisiana."[2] (Rec. Doc. 1-1 ¶ 23, 24).

Robinson alleged in its Notice of Removal that 1 Acadiana was improperly joined as a defendant and that 1 Acadiana's citizenship should be disregarded in determining whether the Court has subject matter jurisdiction.[3] 1 Acadiana, *and not Satterfield*, filed the instant motion, arguing that the Court lacks subject matter

---

[2] Satterfield filed an Amending and Supplemental Complaint reasserting the allegations in the original petition and alleging personal jurisdiction over Robinson. (Rec. Doc. 21). It did not assert further allegations against 1 Acadiana.

[3] Robinson filed a Motion to Dismiss for Lack of Personal Jurisdiction (Rec. Doc. 6), which was denied as moot (Rec. Doc. 20) in light Satterfield's Motion to Amend Complaint. (Rec. Doc. 15). Once the First Amending and Supplemental Complaint (Rec. Doc. 21) was filed, Robinson filed a second Motion to Dismiss for Lack of Personal Jurisdiction (Rec. Doc. 23), which is pending before the Court.

jurisdiction because 1 Acadiana is a citizen of Louisiana who is not diverse in citizenship from Satterfield.

## Law and Analysis

Federal district courts are courts of limited jurisdiction, possessing only the power authorized by the Constitution and by statute. *Griffin v. Lee*, 621 F.3d 380, 388 (5th Cir. 2010) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378 (1994)). Remand is required "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). A federal court has "diversity jurisdiction" when the amount in controversy exceeds $75,000 exclusive of interest and costs, and the citizenship of the plaintiff is diverse from that of all of the defendants. 28 U.S.C. § 1332(a). A removing party bears the burden of establishing diversity jurisdiction. *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013); *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "Any ambiguities are construed against removal and in favor of remand to state court." *Id*.

### A. Amount in Controversy

Satterfield and 1 Acadiana do not dispute Robinson's allegation that the amount in controversy requirement is satisfied in this case. The amount in controversy is the sum claimed by the plaintiff in his complaint if the claim was apparently made in good faith. *St. Paul Reinsurance v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995); *Nat'l Union Fire Ins. Co. of Pittsburgh v. Russell*, 972 F.2d 628, 630 (5th Cir. 1992).

3

To justify remand, "it must appear to a legal certainty that the claim is really for less than the jurisdictional amount." *St. Paul Reinsurance v. Greenberg*, 134 F.3d at 1253 (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)). When the complaint does not state a specific amount of damages, the defendant must establish by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold. *Simon v. Wal-Mart Stores*, 193 F.3d 848, 850 (5th Cir. 1999); *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). This burden can be satisfied either by demonstrating that the amount in controversy is facially apparent from the plaintiff's pleadings or by setting forth the facts in controversy with summary judgment-type evidence that support a finding of the requisite amount. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999); *Allen*, 63 F.3d at 1335. "The preponderance burden forces the defendant to do more than point to a state law that *might* allow the plaintiff to recover more than what is pled. The defendant must produce evidence that establishes that the actual amount in controversy exceeds [the jurisdictional amount]." *De Aguilar v. Boeing*, 47 F.3d at 1412 (emphasis in original). Thus, the district court must first examine the complaint to determine whether it is facially apparent that the plaintiff's claims exceed the jurisdictional threshold; if it is not facially apparent, the court may then rely on summary judgment-type evidence to ascertain the amount in controversy. *Luckett*, 171 F.3d at 298; *Allen*, 63 F.3d at 1335. Any doubts as to the propriety of removal should be construed strictly in favor of remand. *Manguno*, 276 F.3d at 723.

Satterfield alleged in the petition that the helicopter was destroyed when it hit the ground and that he suffered past and future medical expenses, past and future pain and suffering, mental anguish, loss of enjoyment of life, past and future loss of income, past and future loss of earning capacity, and that his damages exceed $50,000.[4] (Rec. Doc. 1-1). Robinson asserted in its Notice of Removal that the amount in controversy exceeds $75,000 because Satterfield alleged the aforementioned damages. (Rec. Doc. 1, p. 7, 8). Satterfield and 1 Acadiana do not dispute this allegation. After review, the Court finds that due to the alleged total destruction of the helicopter, it is likely that Satterfield seeks substantial damages. In addition, given Satterfield's claim that the damages exceed at least $50,000 and Satterfield's express failure to object to the amount in controversy, this Court finds that Robinson has satisfied its burden of establishing that the amount in controversy exceeds the jurisdictional threshold.

**B.      Diversity of Citizenship**

Satterfield alleged in his petition that he resides in Louisiana. The citizenship of a natural person is determined by the state in which he is domiciled, and domicile is a combination of both a person's residence and his intent to remain there permanently. *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011). Therefore, an allegation that a party is a resident of a certain state is not a sufficient allegation of his citizenship in that state." *Delome v. Union Barge Line Co.*, 444 F.2d

---

[4] Effective January 1, 2021, La. Code Civ. Proc. art. 1732 was amended to reduce the threshold for a right to a jury trial in state court from $50,000 to $10,000.

5

225, 233 (5th Cir. 1971). Evidence of a person's place of residence, however, is *prima facie* proof of his domicile. *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d at 571. No party disputes that Satterfield is a Louisiana citizen.

A limited liability company's citizenship is determined by the citizenship of its members. *Soaring Wind Energy, L.L.C. v. Catic USA Inc.*, 946 F.3d 742, 750 (5th Cir. 2020) (citing *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). "A party seeking to establish diversity jurisdiction must specifically allege the citizenship of every member of every LLC or partnership involved in a litigation." *MidCap Media Finance, L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 314 (5th Cir. 2019) (citing *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 536 (5th Cir. 2017). If the members are themselves partnerships, limited liability companies, corporations, or another form of entity, their citizenship must be alleged in accordance with the rules applicable to that entity, and the citizenship must be traced through however many layers of members or partners may exist. *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397-98 (5th Cir. 2009) (suggesting that to discern the citizenship of a limited liability company, the court must trace citizenship "down the various organizational layers"); *Wright v. JP Morgan Chase Bank, NA*, No. 09-cv-0482, 2009 WL 854644, at *1 (W.D. La. Mar. 26, 2009).

Robinson alleged in its Notice of Removal and presented evidence showing that 1 Acadiana is a Louisiana limited liability company whose sole member is Satterfield, a Louisiana citizen. (Rec. Docs. 1 ¶12, 1-2 p. 2). Satterfield and 1 Acadiana do not dispute this assertion. Accordingly, this Court finds that 1 Acadiana and Satterfield

are both Louisiana citizens and thus, the parties to this lawsuit are not diverse in citizenship.

### C. Improper Joinder

In its Notice of Removal and in opposition to the instant motion, Robinson argues that 1 Acadiana's common citizenship with Satterfield does not destroy the Court's subject matter jurisdiction because 1 Acadiana was improperly joined as a defendant. (Rec. Docs. 1 42). Robinson notes that Satterfield's claim of strict liability against 1 Acadiana under La. Civ. Code art. 2317 is based upon 1 Acadiana's status as owner of the helicopter but that Louisiana law no longer recognizes strict liability based solely on ownership. *Id.* Robinson further asserts that since Louisiana no longer recognizes strict liability based on ownership unless the owner knew or should have known of any defects in the thing it owned, and since Satterfield makes no allegations that 1 Acadiana knew or should have known of any defect in the helicopter, Satterfield has failed to state a claim against 1 Acadiana. Robinson further demonstrates that Satterfield is the sole member and manager of 1 Acadiana and as a result any claim against 1 Acadiana is a claim against himself which is purely illusory. *Id.*

The doctrine of improper joinder is a narrow exception to the complete diversity requirement. *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011); *McDonal v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir. 2005). The removal statutes "entitle a defendant to remove to a federal forum unless an in-state defendant has been 'properly joined.'" *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d

7

568, 573 (5th Cir. 2004). "[T]he focus of the inquiry must be on the joinder, not the merits of the plaintiff's case." *Smallwood*, 385 F.3d at 573.

To establish improper joinder, removing defendants must prove either actual fraud in the pleading of jurisdictional facts, or the plaintiffs' inability to establish a cause of action against the nondiverse party in state court. *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 698 (5th Cir. 1999)). Here, there is no allegation of actual fraud. Therefore, the test for improper joinder is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573 (citing *Travis v. Irby*, 326 F.3d at 648).

A defendant who contends that a nondiverse party is improperly joined has a heavy burden of proof. *Green v. Amerada Hess Corp.*, 707 F.2d 201, 205 (5th Cir. 1983). The court must ordinarily evaluate all of the factual allegations in the plaintiff's state court pleadings in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff. *Green*, 707 F.2d at 205; *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005).

The sufficiency of a plaintiff's state court petition for purposes of the improper joinder analysis is measured under federal court pleading standards. *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 208 (5th Cir. 2016). Thus, the analysis used to determine whether a defendant is improperly joined is the

8

same as that used to determine whether a claim has been stated under Rule 12(b)(6). "Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Smallwood*, 385 F.3d at 573.

Under that standard, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level. . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555. As part of this analysis, the court must proceed in two steps. First, the court must separate legal conclusions from well-pleaded facts. *Ashcroft v. Iqbal*, 556 U.S. at 678-79. Second, the court must review the well-pleaded factual allegations, assume them to be true, and then determine whether they "plausibly give rise to an entitlement of relief." *Id*. at 679. "[A] single valid cause of action against in-state defendants (despite the pleading of several unavailing claims) requires remand of the entire case to state court." *Gray ex rel. Rudd v. Beverly Enterprises-Mississippi, Inc.*, 390 F.3d 400, 412 (5th Cir. 2004).

In deciding whether a defendant was improperly joined, a court must proceed as follows:

> First, a court looks at the allegations contained in the complaint. If a plaintiff can survive a Rule 12(b)(6) challenge for failure to state a claim,

9

> there is ordinarily no improper joinder. When "a complaint states a claim that satisfies 12(b)(6), but has 'misstated or omitted discrete facts that would determine the propriety of joinder. . . the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry.'" "[T]he decision regarding the procedure necessary in a given case must lie within the discretion of the trial court."

*Davidson v. Georgia-Pacific, LLC*, 819 F.3d 758, 765 (5th Cir. 2016) (internal citations omitted). Thus, a court, in its discretion, must either conduct a Rule 12(b)(6)-type analysis, or pierce the pleadings and conduct a summary inquiry. *Int'l Energy Ventures Mgmt.*, 818 F.3d at 207.

Importantly, a "summary inquiry" should not be confused with a "summary judgment inquiry." In a summary inquiry, the court considers summary judgment-type evidence, but "the standard for finding improper joinder is not the summary judgment standard in which an absence in the plaintiff's proof alone can be fatal." *Davidson*, 819 F.3d at 766. Instead, the removing defendant must affirmatively preclude the possibility of recovery. *Id.* In a summary inquiry, any contested issues of fact and any ambiguities of state law must be resolved in the non-removing plaintiff's favor. *Travis v. Irby*, 326 F.3d at 649.

Satterfield alleges that 1 Acadiana is liable "because the fracture of the tail rotor output shaft occurred while the helicopter and its component parts were under the control of AHC, [so] AHC is liable under the theory of strict liability as contained in La. C.C. Art. 2317 and the jurisprudence of the State of Louisiana." (Rec. Doc. 1-1 ¶ 23, 24). The petition contains no allegation that 1 Acadiana knew or should have known of any defect in the helicopter. In addition, 1 Acadiana does not address

10

Robinson's assertions that 1 Acadiana's citizenship should be disregarded after the Notice of Removal was filed or in Satterfield's Amended Complaint.

Louisiana Civil Code article 2317 states, "We are responsible, not only for the damage occasioned by our own act, but for that which is caused by … the things which we have in our custody." Article 2317.1 provides:

> The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care.

La. C.C. art. 2317.1.

To prevail on a custodial liability claim, a plaintiff must prove: "(1) the object was in the defendant's custody; (2) the thing contained a vice or defect which presented an unreasonable risk of harm to others; (3) the defective condition caused the damage; and (4) the defendant knew or should have known of the defect." *Cormier v. Dolgencorp, Inc.*, 136 Fed. App'x. 627, 627-28 (5th Cir. 2005) (citing La. C.C. arts. 2317, 2317.1).

Under Louisiana law, a claim for "strict" liability requires that a duty of care was breached, just as a negligence claim does. *Bd. of Commissioners of Southeast La. Flood Protection Authority-East v. Tennessee Gas Pipeline Co., LLC*, 850 F.3d 714, 729 (5th Cir. 2017) (citing *Oster v. Dep't of Transp. & Dev.*, 582 So. 2d 1285, 1288 (La. 1991)). In fact, "[t]here is essentially no difference between the two types of claims under Louisiana law." *Id.* A custodian's duty is the same as that under the general

11

negligence doctrine of article 2315. *Carroll v. American Empire Surplus Lines Ins. Co.*, 289 F. Supp. 3d 767, 771 (E.D. La. 2017) (citation omitted).

In this matter, Satterfield merely alleged that 1 Acadiana had *garde* of the helicopter but not that 1 Acadiana knew or should have known that there was a defect in it. Accordingly, the Court finds that Satterfield has failed to state a claim against 1 Acadiana. The issue gets further confused because if Satterfield as sole owner of 1 Acadiana would amend to assert that 1 Acadiana knew or should have known of the defect, he would essentially be asserting that he knew or should have known of the defect and yet *still piloted the helicopter*. Satterfield would be suing himself for the damages he sustained.

The peculiarity of this matter is not limited to a plaintiff attempting to defeat diversity by suing the limited liability company in which he is the sole member and manager. Any damages owed by Robinson for the destruction of the helicopter as a result of any defect would be owed to the *owner* of the helicopter, *i.e.*, 1 Acadiana. Satterfield can assert against Robinson whatever claims for personal injuries he sustained as a result of an alleged defect in the helicopter. Therefore, if 1 Acadiana is to be a party in this matter, it would be as a plaintiff and not a defendant. After all, "[t]he court has a duty to realign the parties based on their sides in the dispute." *Weaver v. Metropolitan Life Ins. Co.*, 939 F.3d 618, 625 (5th Cir. 2019) (noting that purpose of realignment is "to insure that there is a *bona fide* dispute between citizens of different states.").

Further compounding the peculiarity of this matter is the manner in which the question of remand was brought before the Court. The instant motion was filed on behalf of 1 Acadiana—a named defendant—and not by the actual plaintiff. Granted, 28 U.S.C. § 1447(c) does not limit a motion to remand to a plaintiff, but 1 Acadiana's motion makes the types of arguments made by plaintiffs seeking remand. The motion argues at length about a community property partition action between Satterfield and his spouse and a subsequent succession proceeding for that spouse, both of which are supposedly still pending. To the extent that such proceedings are pertinent in determining the citizenship of a limited liability company—which they are not—such arguments were for Satterfield to make. And, in an instance of sloppy drafting or a Freudian slip, 1 Acadiana stated as follows in its motion: "**Plaintiff** hereby seeks a nominal award of $500 and any taxable costs of court to cover **Plaintiff's** costs in responding to the Defendants' [sic] improvident removal and in seeking a remand." (Rec. Doc. 40 at 8) (emphasis added).[5] 1 Acadiana's own motion only emphasizes that it and Satterfield are inseparable.

When 1 Acadiana's citizenship is disregarded, as it must be since it was improperly joined, Satterfield and Robinson are diverse. Having found that the amount in controversy exceeds the jurisdictional minimum and that the properly joined parties are diverse in citizenship, the undersigned finds that this Court has subject matter jurisdiction over this matter, under 28 U.S.C. § 1332. This ruling is

---

[5] The Court further notes that 1 Acadiana's motion does not comply with Local Rule 7.4 which requires in part that "all motions shall be accompanied by a memorandum commonly referred to as a "Memorandum in Support'. . . ."

13

consistent with several others issued by courts in this circuit under similar factual circumstances. *See, e.g., Miciotto v. Hobby Lobby Stores, Inc.*, No. 6:19-cv-00735, 2019 WL 3944429, at *6 (W.D. La. Aug. 8, 2019), report and recommendation adopted, 2019 WL 3941059 (W.D. La. Aug. 20, 2019); *Mouret v. Walmart, Inc.*, No. 6:18-cv-01639, 2019 WL 2895752, at *4 (W.D. La. Apr. 29, 2019), report and recommendation adopted, 2019 WL 2895709 (W.D. La. July 2, 2019); *Luna v. PNK (Lake Charles), LLC*, No. 2:16-cv-01099, 2016 WL 6748029, at *4 (W.D. La. Sept. 27, 2016), report and recommendation adopted, 2016 WL 6747295 (W.D. La. Nov. 14, 2016).

## **Conclusion**

For the foregoing reasons, IT IS RECOMMENDED that 1 Acadiana Helicopters Co, LLC's MOTION TO REMAND (Rec. Doc. 40) should be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds

of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), superseded by statute on other grounds, 28 U.S.C. §636(b)(1).

Signed in Lafayette, Louisiana, this 20th day of December, 2023.

/s/ David J. Ayo
David J. Ayo
United States Magistrate Judge