UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| JERRY ALLEN SATTERFIELD | CIVIL ACTION NO. 6:22-CV-06055 |
| VERSUS | CHIEF JUDGE TERRY A. DOUGHTY |
| ROBINSON HELICOPTER CO INC ET AL | MAGISTRATE JUDGE DAVID J. AYO |

**REPORT AND RECOMMENDATION**

Before the Court, on referral from the Chief Judge, is the RE-URGED MOTION TO DISMISS PURSUANT TO RULE 12(B)(2) FOR LACK OF PERSONAL JURISDICTION (Rec. Doc. 23) filed by Defendant Robinson Helicopter Co., Inc. ("Robinson"). The motion is opposed by Plaintiff Jerry Allen Satterfield (Rec. 27). Robinson filed a Reply (Rec. Doc 28). Considering the evidence, the law, and the parties' arguments, and for the reasons explained below, the Court recommends that Robinson's motion be DENIED.

**Factual and Procedural Background**

This matter arose from an incident that occurred on August 27, 2021, when Satterfield was operating a Robinson Model R22 Beta helicopter for the purpose of crop dusting. Satterfield alleges that, as he was approaching land, the helicopter's tail rotor malfunctioned forcing him to land the helicopter in a field, causing property damage to the helicopter and personal injuries to Satterfield. (Rec. Doc. 1-1 at ¶¶ 3-6).

On August 26, 2022, Satterfield filed suit in the 16th Judicial Court, St. Martin Parish, Louisiana, against Robinson; 1 Acadiana Helicopters Co., LLC as owner of the helicopter; and Starr Indemnity & Liability Co. as insurer of the helicopter. On

June 27, 2023, this Court granted Starr's unopposed Motion for Summary Judgment (Rec. Doc. 25) and dismissed Starr based on language in the policy at issue that excluded bodily injury coverage for passengers in the helicopter. (Rec. Docs. 29, 30).

Robinson removed this case to this Court on November 22, 2022, based on diversity jurisdiction. (Rec. Doc. 1). On November 28, 2022, Robinson filed the instant motion seeking to the dismiss the claims against it on the grounds that the Court lacks personal jurisdiction over Robinson.

## Law and Discussion

"Where a defendant challenges personal jurisdiction, the party seeking to invoke the power of the court bears the burden of proving that jurisdiction exists." *Luv N'care, Ltd. v. Insta–Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006). Satterfield therefore bears the burden of establishing the personal jurisdiction over Robinson. When a court rules on a motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, as in this case, the plaintiff need only make a *prima facie* showing of personal jurisdiction. *Guidry v. U.S. Tobacco, Co., Inc.,* 188 F.3d 619, 625 (5th Cir. 1999). "The allegations of the complaint, except insofar as controverted by opposing affidavits, must be taken as true, and all conflicts in the facts must be resolved in favor of the plaintiff[ ] for purposes of determining whether a *prima facie* case for personal jurisdiction has been established." *Thompson v. Chrysler Motors Corp.*, 755 F.2d 1162, 1165 (5th Cir. 1985). "In determining whether personal jurisdiction exists, the trial court is not restricted to a review of the plaintiff's pleadings." *Jobe v. ATR Mktg., Inc.,* 87 F.3d 751, 753 (5th Cir. 1996). The Court may

consider matters outside the complaint, including affidavits, interrogatories, depositions, or any combination of the recognized methods of discovery. *Id.*

Jurisdiction over a non-resident defendant is proper when (1) the defendant is amenable to service of process under the long-arm statute of the forum state and (2) the exercise of personal jurisdiction is consistent with the Due Process Clause of the Fourteenth Amendment. *Dalton v. R&W Marine, Inc.*, 897 F.2d 1359, 1361 (5th Cir. 1990). In the instant case, "these two inquiries merge into one because Louisiana's long-arm statute permits service of process coterminous with the scope of the due process clause." *Nuovo Pignone, SpA v. STORMAN ASIA M/V*, 310 F.3d 374, 378 (5th Cir. 2002) (citing La. R.S. 13:3201(B)), *rev'd on other grounds by Water Splash, Inc. v. Menon*, 137 S. Ct. 1504 (2017). "The Due Process Clause of the Fourteenth Amendment protects a corporation, as it does an individual, against being made subject to "the binding judgments of a forum with which it has established no meaningful 'contacts, ties, or relations.'" *Pervasive Software Inc. v. Lexware GmbH & Co. KG*, 688 F.3d 214, 220 (5th Cir. 2012). A court may exercise personal jurisdiction over a non-resident if "(1) that defendant has purposefully availed itself of the benefits and protections of the forum state by establishing 'minimum contacts' with the forum state and (2) the exercise of personal jurisdiction over that defendant does not offend 'traditional notions of fair play and substantial justice.'" *Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999) (quoting *Int'l Shoe Co. v. State of Wash.*, 326 U.S. 310, 316 (1945)).

"Minimum contacts" can be established through specific jurisdiction or general jurisdiction. *Alpine View Co. Ltd. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000). Specific personal jurisdiction exists (1) when a defendant has purposely directed its activities or availed itself of the privileges of conducting its activities toward the forum state; (2) the controversy arises out of or is related to those activities; and (3) the exercise of jurisdiction is fair, just, and reasonable. *Nuovo Pignone, SpA*, 310 F.3d 378 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)). General personal jurisdiction exists when the defendant has engaged in continuous and systematic activities in the forum state, regardless of whether such activity is related to the plaintiff's cause of action. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415 (1984). "If a nonresident defendant has sufficient related or unrelated minimum contacts with the forum, we must then consider whether the 'fairness' prong of the jurisdictional inquiry is satisfied." *Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir. 1994). The fairness inquiry is determined by analyzing several factors: (1) the burden upon the nonresident defendant of litigating in the forum state; (2) the interests of the forum state; (3) the plaintiff's interest in securing relief; (4) the judicial system's interest in obtaining an efficient resolution of controversies; and (5) the shared interest of the states in furthering fundamental substantive social policies. *Bullion v. Gillespie*, 895 F.2d 213, 216 n.5 (5th Cir. 1990).

A. **<u>General Jurisdiction</u>**

General personal jurisdiction exists when the defendant has engaged in continuous and systematic activities in the forum state, regardless of whether such

activity is related to the plaintiff's cause of action. *Johnston v. Multidata Systems Int'l Corp.*, 523 F.3d 602, 609–10 (citing *Helicopteros Nacionales*, 466 U.S. at 415). In *Goodyear Dunlop Tires Operations S.A. v. Brown,* 564 U.S. 915, 919 (2011), the Supreme Court explained, "A court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." In *Daimler AG v. Baumer*, 571 U.S. 117, 136-39 (2014), the Supreme Court clarified the "at home" standard described in *Goodyear*, reasoning that companies should not be forced to defend themselves in jurisdictions where they may have a presence, or even where they conduct significant amounts of business, yet are not "at home." "The continuous and systematic contacts test is a difficult one to meet, requiring extensive contacts between a defendant and a forum." *Johnston*, 523 F. 3d at 609. "[E]ven repeated contacts with forum residents by a foreign defendant may not constitute the requisite substantial, continuous and systematic contacts required for a finding of general jurisdiction. . . ." *Id.* at 610 (citing *Revell v. Lidov*, 317 F.3d 467, 471 (5th Cir. 2002)). "Random, fortuitous, or attenuated contacts are not sufficient to establish jurisdiction." *Id.* (citing *Moncrief Oil Int'l Inc. v. OAO Gazprom*, 481 F.3d 309, 312 (5th Cir. 2007)). "General jurisdiction can be assessed by evaluating contacts of the defendant with the forum over a reasonable number of years, up to the date the suit was filed." *Access Telecom, Inc. v. MCI Telecomms. Corp.*, 197 F.3d 694, 717 (5th Cir. 1999). The contacts must be reviewed in toto, and not in isolation from one another. *Holt Oil & Gas Corp. v. Harvey*, 801

F.2d 773, 779 (5th Cir. 1986); *see also Religious Tech. Ctr. v. Liebreich*, 339 F.3d 369, 374 (5th Cir. 2003) ("None of the activities individually constitutes a substantial or meaningful contact with Texas, Texas law, or Texas residents, and certainly considered in toto they fail to amount to continuous and systematic contact with Texas such that general jurisdiction is created."). Vague and overgeneralized assertions that give no indication as to the extent, duration, or frequency of contacts are insufficient to support general jurisdiction. *See Gardemal v. Westin Hotel Co.*, 186 F.3d 588, 596 (5th Cir. 1999).

Review of the record in this matter shows that Robinson does not have sufficient contacts with the forum state to demonstrate continuous and systematic contact with Louisiana. Robinson is incorporated under the laws of California and maintains its principal place of business in located in California. Additionally, Robinson is neither a resident of Louisiana nor has it ever "owned, leased, rented, possessed, used, or had an interest in real property in Louisiana, and has never had any interest whatsoever in any bank accounts or personal property in Louisiana." (Rec. Doc. 6-1 at p. 6). Therefore, the undersigned finds that general jurisdiction does not exist in this case.

### B. Specific Jurisdiction

Specific personal jurisdiction exists (1) when a defendant has purposely directed its activities or availed itself of the privileges of conducting its activities, toward the forum state; (2) the controversy arises out of or is related to those activities; and (3) the exercise of jurisdiction is fair, just, and reasonable. *Nuovo*

*Pignone, SpA*, 310 F.3d 378 (citing *Burger King Corp.*, 471 U.S. at 472 (1985)). As the Court stated in *Goodyear Dunlop Tires Operations,*

> Specific jurisdiction . . . depends on an "affiliatio[n] between the forum and the underlying controversy," principally, activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation. In contrast to general, all-purpose jurisdiction, specific jurisdiction is confined to adjudication of "issues deriving from, or connected with, the very controversy that establishes jurisdiction." (internal citations omitted).

564 U.S. at 919.

Only when the defendant itself purposefully makes contact with the forum state, and that contact is not random, isolated, and fortuitous, does a defendant avail itself of the forum state's privileges and benefits. *Asahi Metal Indus. Co. v. Superior Court of Cal.*, 480 U.S. 102, 107 S. Ct. 1026 (1987). That is, the random and fortuitous acts of a third party do not establish the defendant's minimum contacts with the forum state. *Id*.

The defendant's mere placement of products into the stream of commerce with the awareness that those goods will ultimately be swept by the stream of commerce into the forum state is also insufficient to establish a defendant's minimum contacts with a forum state. *Id.* For jurisdiction over a defendant based on sales in the forum state or placement of goods into the stream of commerce to be proper, the defendant must have taken some purposeful action to distribute to or serve the forum state's market. *Id.* Such acts directed toward the forum state for the purpose of availing oneself of the benefits and economic opportunities of the forum state's laws and market include but are not limited to advertising in the forum state, giving advice to

customers or potential customers in the forum state, otherwise providing customer service in the forum state, or (most importantly in the instant case) "marketing the product through a distributor who has agreed to serve as the sales agent in the forum state." *Id.*

Satterfield argues that because Robinson's website advertises on a virtual map both a servicing center and a distribution center that sell and service Robinson products, Robinson has the minimum contacts with Louisiana necessary to make this Court's assertion of specific personal jurisdiction over Robinson proper.

Robinson, on the other hand, asserts that it "has never maintained an office, manufacturing facility, warehouse, place of business, post office box, or telephone listing in Louisiana[,]" (Rec. Doc. 6-1, p. 6); it has never "owned, leased, possessed, used, or had an interest in real property in Louisiana; and it has never had any interest whatsoever in any bank accounts or personal property in Louisiana." *Id*. Additionally, Robinson asserts that it "has never had any employees, officers, directors, or agents in Louisiana, and no officers, directors, employees, or agents of Robinson have resided in Louisiana while employed by Robinson," has never "been registered, licensed, or otherwise authorized to do business in Louisiana" or "appointed an agent for service of process in Louisiana," that it "has never produced or manufactured any products in Louisiana," or, that it has never "incurred any obligation to pay, and has not paid, income taxes in Louisiana;" and it "has never engaged in any advertising, direct marketing, or other sales attempts targeted at residents of the state of Louisiana." *Id*. Finally, Robinson argues that that its

products are only distributed and serviced through third parties in Louisiana. (Rec. Doc. 6-1, p. 8, ¶ 3).

Regarding the specific helicopter involved in the accident in this suit, Robinson admits that it manufactured the helicopter, though the motion makes no mention where the helicopter was manufactured. (Rec. Doc. 6-1, p. 7). Robinson argues that the helicopter was then sold to a Nevada-based dealership and that Robinson has performed no alterations on or maintenance to the helicopter since it left Robinson's possession. (Rec. Doc. 6-1, p. 7.) Robinson argues, based on the above facts, that it has not made the minimum contacts with Louisiana necessary to establish that this Court has specific personal jurisdiction over it. Robinson argues that this Court's exercise of such jurisdiction, therefore, would offend the traditional notions of fair play and substantial justice protected by the 14th Amendment's Due Process Clause.

While it is true that the foundation of the minimum contacts requirement is to ensure that courts do not exercise jurisdiction over defendants who have not made enough substantial contact with the forum state such that the defendant could reasonably anticipate being haled into the forum state to defend itself, it is also true that a defendant who opts to enjoy the forum state's privileges and benefits by selling its products at presumably high volumes should reasonably anticipate being haled into the forum state to defend itself should its contacts cause or relate to a harm in the forum state.

The penultimate step of the minimum contacts inquiry begs the question of whether the harm made subject of the plaintiff's suit arose from or was related to the

defendant's minimum contacts with the forum state. *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945). In the Supreme Court's recent decision in *Ford Motor Co. v. Montana*, 141 S. Ct. 1017 (2021), this inquiry was expanded to afford plaintiffs more flexibility in satisfying the arises-out-of-or-relates-to requirement. The decision consolidated two nearly identical cases involving allegations of a defect in a Ford product that caused injuries within the forum state's borders. *Id*. In each case, Ford argued that, because it had manufactured and sold the specific product that caused the harm outside of the forum state, the injuries did not arise from or relate to Ford's minimum contacts with the forum state. *Id*. The Supreme Court disagreed and held that, because Ford certainly and admittedly had a "veritable truckload of contacts" with the forum states, the mere fact that the products were not produced or sold in the forum states did not preclude the Court's exercise of specific personal jurisdiction over Ford. *Id*. The Court held that the use of the word "or" in "arises from *or* relates to" necessitates that a greater realm of possible relatedness than a strictly causal relationship between the contacts and the harm can satisfy the standard. *Id*.

Based on this reasoning and the fact that Ford had extensive contacts with the forum states and that those contacts were the same kind that caused the harm (*i.e.*, selling the product), the Court held that though Ford's contacts with the forum states did not *cause* the harm, the standard was satisfied because Ford's contacts with the forum states were *related to* the harm. *Id*. Ford's extensive promotion, sale, and servicing of its products in the forum states created a strong enough connection between Ford, the forum states, and the litigation to support specific jurisdiction. *Id*.

In the present case, Robinson's sales in Louisiana can hardly be deemed fortuitous or isolated. Although neither party gives statistics or any other substantive information regarding the volume of Robinson's Louisiana sales or its efforts to market products to Louisiana consumers, Robinson's advertisement of a distribution center located in Louisiana on its website indicates that Robinson helicopters are sold continuously and purposefully in Louisiana. (Rec. Doc. 15-1). Based on Robinson's advertisement of the distribution center and servicing center located in Louisiana, which cater to Louisiana customers, Robinson availed itself of the privileges and benefits of selling its products in Louisiana. As such, Robinson meets the requirement of certain minimum contacts with Louisiana such that Robinson is amenable to defending itself under the laws and jurisdiction of this Court. Robinson has enjoyed the benefits and privileges of doing business in Louisiana, and its seemingly strategic use of third party distributing and servicing facilities is insufficient to evade this Court's exercise of specific personal jurisdiction over Robinson.

Because Robinson purposefully availed itself of the benefits and privileges of doing business in Louisiana, Robinson has sufficient minimum contacts with Louisiana. Those contacts are related to the subject of this litigation by the standard articulated in *Ford*. Thus, this Court's exercise of specific personal jurisdiction over Robinson is in accordance with the traditional notions of fair play and substantial justice implicit in the Due Process Clause.

The final inquiry in the specific personal jurisdiction analysis is whether the court's exercise of jurisdiction over the non-resident defendant is so unreasonable that the court should decline to exercise its jurisdiction over the defendant. The Supreme Court provided factors to consider this question in *Burger King Corp. v. Rudzewicz,* 471 U.S. 462 (1985): (1) the burden on the defendant of litigating in the forum, (2) the forum state's interest in adjudicating the dispute, (3) the shared interest of states in the furtherment of fundamental, substantive social policies, (4) the plaintiff's interest in obtaining convenient and effective relief, and, (5) the interstate judicial system's interest in efficiently resolving controversies. Since this decision, the Supreme Court has not cited the factors in holding that a court's exercise of jurisdiction over a defendant was unreasonable. The defendant bears the burden of proving that the court's exercise of jurisdiction is unreasonable, and that burden is only rarely, if ever, met. In the instant case, neither party mentions these factors. Based on the facts in this case, the scale tips in Satterfield's favor.

Robinson is a large company with the means to sell its products internationally. Its website boasts that "[t]o date, Robinson Helicopter Company has delivered over 13,000 helicopters worldwide." https://robinsonheli.com/company-information-2/. With the means to conduct business at that level, Robinson has the means to defend itself in Louisiana without bearing an unreasonable burden. Additionally, Louisiana has a great interest in adjudicating claims like the one here because of the high rate of helicopter use for crop dusting and offshore work. Louisiana's interest in having the jurisdiction to hold corporations liable for selling

allegedly defective helicopters and causing injuries is compelling. Not only does Louisiana have a compelling interest in adjudicating such claims, but all states also have a shared interest in ensuring that plaintiffs like Satterfield can establish jurisdiction over defendants like Robinson when the defendant's contacts with a state are sufficiently similar to Robinson's contacts with Louisiana. This ensures that plaintiffs will be able to obtain convenient and effective relief when appropriate and that states will be able to hold companies whose products cause harm to their consumers accountable when appropriate.

For the foregoing reasons, the undersigned concludes that Satterfield has established a *prima facie* case of specific personal jurisdiction over Robinson.

## Conclusion

For the foregoing reasons, the undersigned recommends that the MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION filed by Defendant Robinson Helicopter Co., Inc. be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within

fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

Signed at Lafayette, Louisiana on this 20th day of December, 2023.

_____
DAVID J. AYO
UNITED STATES MAGISTRATE JUDGE